UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>JAMES WILLIAM LULL,<br><br>            Debtor.<br>_____<br><br>RONALD K. KOTOSHIRODO,<br>CHAPTER 7 TRUSTEE,<br><br>            Plaintiff,<br><br>    vs.<br><br>JEFFREY L. ULDRICKS, THE PATTI K. IRVINE REVOCABLE TRUST DATED DECEMBER 21, 1992, and THERESA LULL,<br><br>            Defendants. | Case No: 06-00898<br>Chapter 7<br><br><br><br>Adv. Pro. No. 07-90017<br><br><br><br><br><br><br><br><br><br>Related Dkt. No. 103 |

**MEMORANDUM OPINION CONCERNING**
**MOTION FOR PARTIAL SUMMARY JUDGMENT**

**INTRODUCTION**

This is an adversary proceeding in bankruptcy. Fed. R. Bankr. P. 7001.[1]

Plaintiff is the trustee in bankruptcy in the underlying Chapter 7 liquidating

---

[1] Unless otherwise indicated, all section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9036.

bankruptcy case. The trustee seeks to avoid the security and ownership interests of several parties in property of the bankruptcy estate. The debtor in the Chapter 7 case is James Lull ("Lull"), who is not a party to this adversary proceeding.

In this adversary proceeding, Defendant Patti K. Irvine Revocable Trust Dated December 21, 1992 ("Irvine"), moves for partial summary judgment, seeking a ruling that a $1,000,000 claim, secured by a mortgage on real property, is not avoidable by the trustee in bankruptcy. Irvine has filed a proof of secured claim in excess of $3,000,000. The total claim consists of various notes and security interests.

The motion was heard on August 23, 2007, and September 20, 2007. Christopher J. Muzzi, Esq., Gary Y. Okuda, Esq., and Karyn A. Doi, Esq., appeared for Irvine. Cuyler Shaw, Esq., appeared for Plaintiff. Steven Guttman, Esq., appeared for Defendant Jeffrey L. Uldricks.

Upon consideration of the written and oral arguments of the parties, the undersigned makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

1. Irvine began making loans to Lull in 2003.[2] A $1,000,000 loan was made

---

[2] The loan documents mentioned are all exhibits to Irvine's proof of claim, in the amount of $3,158,415, filed on February 6, 2007. A copy of the proof of claim is attached as Exhibit 9 to Irvine's Supplemental Memorandum filed

2

U.S. Bankruptcy Court - Hawaii   #07-90017   Dkt # 133   Filed 11/21/07   Page 2 of 8

to Lull on October 9, 2003. The promissory note is Exhibit 1 to the proof of claim.

2. Irvine loaned $1,000,000 to Lull on October 29, 2003. This loan was repaid, and is not part of the Irvine proof of claim.

3. The loan which is the subject matter of Irvine's motion for partial summary judgment was for $1,000,000. That loan is evidenced by a note dated October 20, 2004, Exhibit 2 to the proof of claim ("the Note"), and a mortgage recorded on November 4, 2004, with the State of Hawaii Bureau of Conveyances, Exhibit 3 to the proof of claim ("the Irvine Mortgage").³ The note calls for payment of principal and interest on or before November 1, 2005.

4. Both the Note and the Irvine Mortgage bear the notarized signatures of Lull and his non-debtor spouse, Theresa Lull. The acknowledgments of James' signatures are dated November 1, 2004. The acknowledgments of Theresa's signatures are dated November 2, 2004.

---

September 5, 2007. Docket No. 122. Each document in the proof of claim has its own exhibit number. Documents cited in the findings of fact will be identified by the exhibit number given in the proof of claim.

³ Lull also agreed to pledge to Irvine his shares in a Hawaii corporation called Kauai Lease and Loan, Ltd., and to assign any "proceeds" he was entitled to receive from Kauai Lease and Loan, Ltd., or from Kapaa 382, a Hawaii limited liability company owned by Kauai Lease and Loan, Ltd. This additional collateral is not at issue in the subject motion for partial summary judgment.

U.S. Bankruptcy Court - Hawaii   #07-90017   Dkt # 133   Filed 11/21/07   Page 3 of 8

5. The loan proceeds were applied toward the purchase of a home for the Lulls, known as the Anini Property, on the Island of Kauai. The purchase price was $3,450,000. Of the purchase price, $2,242,500, was loaned by U.S. Financial Mortgage Corporation. That loan is secured by a first mortgage on the Anini Property. The Irvine Mortgage is in second position.

6. The due date on the $1,000,000 note, secured by second mortgage on the Anini Property, was extended from November 1, 2005, to July 15, 2006, by a Loan and Security Agreement, dated July 25, 2006. (Exhibit 9 to the Irvine proof of claim, Section 2.) Theresa Lull is not a party to this agreement, which is between James Lull and Irvine.

7. The Irvine Mortgage was amended by Amendment of Mortgage, dated July 17, 2006, and recorded on July 31, 2006. (Exhibit 7 to the Irvine proof of claim.) The amendment increases the secured debt from $1,000,000 to $2,000,000, and extends the repayment date to December 1, 2006. (¶¶ 1 and 2, Amendment of Mortgage, Exhibit 7 to the Irvine proof of claim.)

8. The Amendment of Mortgage bears the notarized signatures of Lull and his spouse, Theresa. At Lull's Rule 2004(a) examination on May 21 - 23, 2007, he testified that he signed Theresa Lull's name on the Amendment of Mortgage. (The testimony is quoted in Plaintiff's Opposition Memorandum (Dkt. No. 107), filed

4

August 6, 2007, at p.4.)

9. Lull filed his voluntary petition for relief under Chapter 7 of the Bankruptcy Code on December 8, 2006.

10. The trustee in bankruptcy filed the complaint in this adversary proceeding on April 11, 2007. Irvine's motion for partial summary judgment was heard on August 23, 2007, and September 20, 2007. Nothing in the record indicates any attempt by plaintiff to conduct discovery upon Defendant Theresa Lull concerning her signatures on the documents related to the Anini Property, the Note and the Irvine Mortgage.

## **CONCLUSIONS OF LAW**

1. Defendant Irvine Trust's motion for partial summary judgment concerns only Count 2 of the trustee's First Amended Complaint ("Complaint"). Irvine seeks a ruling that its original $1,000,000 mortgage on the Anini Property is not avoidable by the trustee in bankruptcy. The subsequent amendment to that mortgage, increasing the amount secured to $2,000,000, is not at issue.

2. The complaint appears to allege that the Irvine Mortgage on the Anini Property is a preferential transfer, avoidable under § 547. First Amended Complaint, p.15, ¶ D.

U.S. Bankruptcy Court - Hawaii   #07-90017   Dkt # 133   Filed 11/21/07   Page 5 of 8

3. In opposing Irvine's motion for partial summary judgment, Plaintiff's counsel requested additional time under Fed. R. Civ. P. 56(f) and Fed. R. Bankr. P. 7056, to conduct discovery concerning the legitimacy of Theresa Lull's signature on the Irvine Mortgage.

4. Plaintiff's counsel also argued that the Irvine Mortgage is avoidable as a fraudulent conveyance, because Irvine was not acting in good faith, and that the debt secured by the Irvine Mortgage is subject to equitable subordination, because it was connected to Lull's alleged Ponzi scheme.

5. Irvine loaned $1,000,000 to James and Theresa Lull. They signed the Note and Irvine Mortgage on November 1 and 2, 2004. The Irvine Mortgage was promptly recorded, on November 4, 2004, more than two years before Lull filed his bankruptcy petition.

6. For a preference to be avoidable under § 547, the trustee must prove all of the elements stated in subsection 547(b). One requirement is that the transfer was made "on or within 90 days before the date of the filing of the petition". § 547(b)(4)(A). In the present matter, the transfer was made when the Irvine Mortgage was perfected by recordation, on November 4, 2004. Lull filed his bankruptcy petition on December 8, 2006.

6

U.S. Bankruptcy Court - Hawaii   #07-90017   Dkt # 133   Filed 11/21/07   Page 6 of 8

7. Another element of a voidable preference is that the transfer was "for or on account of an antecedent debt owed by the debtor before such transfer was made". § 547(b)(2). The loan and perfection of the Irvine Mortgage were contemporaneous, so the element of an antecedent debt has not been established.

8. Two elements of a § 547(b) preferential transfer are not present, so the trustee cannot use that section to avoid the Irvine Mortgage.

9. Plaintiff's request for additional time to conduct discovery concerning the validity of Theresa Lull's signatures on the Irvine Mortgage and the supporting note will not be granted. The complaint commencing this adversary proceeding was filed on April 11, 2007. Lull's Rule 2004(a) examination was conducted on May 21-23, 2007, and he was asked about Theresa's signature on various documents. Hearings on Irvine's motion for partial summary judgment were held on August 23, 2007, and September 20, 2007. Lull admitted signing his wife's name on several documents, but not the subject documents. Nothing in the record suggests anything irregular about the signatures in question. Plaintiff had time to examine Theresa Lull, in person or via interrogatories, concerning the signatures. Nothing was done. The record indicates that Theresa Lull's signatures are genuine.

10. Plaintiff argues that the Irvine Mortgage is subject to equitable subordination or is avoidable as a fraudulent conveyance. However, those arguments are not part of the first amended complaint, and Plaintiff has not made a Rule 56(f) request for time to develop those theories. Therefore, those arguments cannot be considered in opposition to Irvine's motion for partial summary judgment.

## CONCLUSION

1. The Irvine Mortgage secures a legitimate $1,000,000 debt. The mortgage is properly documented and was timely recorded. Plaintiff has raised no genuine issue of material fact which could demonstrate that the Irvine Mortgage is avoidable by a trustee in bankruptcy.

2. An order will be entered granting Irvine's motion for partial summary judgment.

3. Judgment will be entered, declaring that the Irvine Mortgage is not subject to avoidance or subordination by Plaintiff, as trustee in bankruptcy.



/s/ Lloyd King
United States Bankruptcy Judge
Dated: **11/21/2007**